IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PEREZ, et al., | CASE NO. CV-F-05-0383 LJO |
| Plaintiffs, | **ORDER TO COMPEL PLAINTIFFS' INITIAL DISCLOSURES, DISCOVERY RESPONSES, DOCUMENT PRODUCTION AND DEPOSITIONS** |
| vs. | |
| CSK AUTO, | (Docs. 13, 16.) |
| Defendant. / | |

**INTRODUCTION**

In this employment discrimination and related action, defendant CSK Auto ("CSK") seeks in its original moving papers to compel plaintiffs Martin Perez and Bobby Alba's (collectively "plaintiffs'") F.R.Civ.P. 26(a)(1) initial disclosures, answers to interrogatories and document requests and document production. CSK further seeks to impose a $1,020 sanction on plaintiffs. After plaintiffs failed to appear for their November 14 and 15, 2005 depositions, CSK filed supplemental papers to seek this Court's order that plaintiffs appear for their depositions as soon as conveniently possible for CSK. CSK further seeks attorney fees and costs associated with plaintiffs' non-appearance at their depositions. Plaintiffs have filed no opposition papers.

This Court considered CSK's motions to compel on the record and without the December 2, 2005 hearing or oral argument. *See* Local Rule 78-230(h). For the reasons discussed below, this Court:

  1.  ORDERS plaintiffs, no later than December 12, 2005, to:

1

       a.      SERVE complete F.R.Civ.P. 26(a)(1) initial disclosures;

       b.      SERVE complete, straightforward answers, without objections, to CSK's interrogatories and document requests;

       c.      PRODUCE all documents and other things responsive and subject to CSK's document requests; and

       d.      PAY to CSK a $765 sanction for failure to provide initial disclosures, discovery responses and document production.

2. ORDERS plaintiffs, no later than December 30, 2005, to appear at their depositions on consecutive days set by CSK or on later dates otherwise acceptable to defense counsel.

3. ORDERS CSK, no later than December 6, 2005, to submit its counsel's declaration and supporting documentation to itemize its reasonable legal expenses to pursue an order to compel plaintiffs' depositions and to secure certificates of plaintiffs' non-appearance at their November 14 and 15, 2005 depositions, including court reporter expenses. After receipt of such information, this Court will determine whether to impose further sanctions on plaintiffs and/or their counsel.

4. ADMONISHES plaintiffs that this Court will entertain dismissal of plaintiffs' claims for failure to comply with these orders.

5. VACATES the December 2, 2005 hearing on CSK's motions to compel and the December 5, 2005 settlement conference (before United States Magistrate Judge Dennis L. Beck).

## BACKGROUND

### Plaintiffs' Claims

On February 22, 2005, plaintiffs filed their combined complaint in Tulare County Superior Court to allege causes of action for: (1) racial discrimination in violation of California Government Code section 12940; (2) retaliation in violation of California Government Code section 12940; (3) violation of public policy of federal and California law prohibiting discrimination and retaliation in employment; (4) intentional infliction of emotional distress; and (5) violation of California Business and Professions Code sections 17200, et seq. In short, plaintiffs allege CSK discriminated against plaintiffs based on

their Mexican descent and retaliated against plaintiffs for complaining about discrimination. CSK removed plaintiffs' action to this Court on March 22, 2005.

### CSK's Discovery And Attempts To Obtain Responses

During a June 16, 2005 telephone conference, the parties' counsel agreed to exchange F.R.Civ.P. 26(a)(1) initial disclosures on June 30, 2005. On June 28, 2005, CSK propounded to each plaintiff identical first sets of six interrogatories and 113 document requests. The interrogatories address plaintiffs' contentions, alleged damages, witnesses, mitigation efforts and other lawsuits. The document requests seek documents in support of specific allegations of plaintiffs' complaint. Plaintiffs did not exchange their initial disclosures on June 30, 2005. At the July 6, 2005 scheduling conference, plaintiffs' counsel agreed to serve plaintiffs' initial disclosures on July 13, 2005. In expectation of plaintiffs' timely discovery responses, CSK set plaintiffs' August 10 and 11, 2005 depositions.

Defense counsel sent her August 4, 2005 letter to plaintiffs' counsel to note that plaintiffs had failed to serve their initial disclosures, responses to interrogatories and document requests, and document production. Defense counsel sent her August 8, 2005 letter to plaintiffs' counsel to note again that plaintiffs had failed to serve their initial disclosures, responses to interrogatories and document requests, and document production. Defense counsel further noted the need for plaintiffs' discovery responses prior to their August 10 and 11, 2005 depositions. Defense counsel confirmed the parties' agreement that plaintiffs would serve their initial disclosures and discovery responses no later than September 7, 2005 and that plaintiffs' depositions were reset to November 14 and 15, 2005.

On September 7, 2005, plaintiffs served a one-paragraph note to state in part that the document requests were burdensome and to demand a reduction of them. With her September 7, 2005 letter, defense counsel noted that plaintiffs' failure to respond to CSK's discovery waived objections and that plaintiffs' belated one-paragraph objection was invalid. Defense counsel further noted that if plaintiffs failed to serve initial disclosures, discovery responses and document production prior to September 12, 2005, defense counsel would attempt to initiate a discovery dispute conference call with this Court.

After plaintiffs' counsel failed to respond, defense counsel sent a September 19, 2005 letter to inquire whether plaintiffs' counsel would participate in a discovery dispute telephone conference with this Court. Defense counsel noted that if she received no response prior to September 21, 2005, defense

counsel would file a motion to compel.

On November 4, 2005, CSK filed its motion to compel, without objections, plaintiffs' initial disclosures, answers to interrogatories and document requests, and document production. CSK also seeks to impose against plaintiffs a $1,020 sanction for CSK's legal expenses to pursue the motion to compel.

### **Plaintiffs' Failure To Attend Depositions**

In expectation of receipt of plaintiffs' initial disclosures and discovery responses, CSK set plaintiffs' November 14 and 15, 2005 depositions. On November 10, 2005, plaintiffs' counsel for the first time requested to continue plaintiffs' depositions due to a November 14, 2005 conflict and proposed December and January dates. Defense counsel responded that the depositions could not be continued. Plaintiffs did not appear at their November 14 and 15, 2005 depositions, and CSK incurred attorney fees and court reporter and videographer expenses for both depositions.

On November 18, 2005, CSK filed and served supplemental papers to request:

1.   An order that plaintiffs appear for depositions on two consecutive days as soon as conveniently possible for defense counsel;
2.   Attorney fees (to be submitted later to the Court) to prepare for and proceed with plaintiffs' depositions and to prepare CSK's supplemental papers;
3.   Costs (to be submitted later to the Court) for the court reporter and videographer incurred for the November 14 and 15, 2005 depositions;
4.   Vacating the December 5, 2005 settlement conference;
5.   An order to admonish plaintiff and their counsel that this Court will impose sanctions of discovery order disobedience; and
6.   Resetting discovery and motion dates, if needed.

### **DISCUSSION**

CSK contends that plaintiffs have failed to participate in discovery to impede CSK's trial preparation.

### **Compelling Initial Disclosures And Discovery Responses**

F.R.Civ.P. 26(a)(1) requires parties to disclose supportive witnesses and documents, damages

computations and insurance information "without awaiting a discovery request" on a date to which the parties may stipulate.

F.R.Civ.P. 37(a)(2)(A) authorizes a motion to compel initial disclosures:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

F.R.Civ.P. 37(a)(2)(B) empowers a propounding party to bring a motion to compel discovery responses:

> If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). The failure to respond to interrogatories or document requests "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." F.R.Civ.P. 37(d). An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.Civ.P. 37(a)(3).

Plaintiffs have inexcusably failed to provide initial disclosures despite extensions and their agreement before this Court to provide them more than four months ago. Plaintiffs have inexplicably failed to provide timely responses to interrogatories and document requests. There is no evidence that plaintiffs sought an extension prior to the initial deadline for their responses to preserve objections. Plaintiffs' apparent objection to CSK's document requests is too little, too late and is considered a failure to meaningfully respond to or address the document requests despite plaintiffs' burden claims. Defense counsel's attempt to cooperate with plaintiffs was rewarded with further unresponsiveness and delay of plaintiffs' depositions, to which plaintiffs did not appear. CSK is entitled, without objections, to

plaintiffs' initial disclosures, answers to interrogatories and document requests, and document production.

## Sanctions

CSK requests a $1,020 (four hours multiplied by $255 hourly rate) for legal expenses to pursue its motion to compel plaintiffs' initial disclosures, discovery responses and document production.

F.R.Civ.P. 37(c)(1) authorizes sanctions for failure to make initial disclosures:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the sanctions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

If a motion to compel discovery responses is granted, "the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the . . . discovery without court action . . . or that other circumstances make an award of expenses unjust." F.R.Civ.P. 37(a)(4)(A).

CSK is entitled to a sanction for plaintiffs' unjustified failure to participate in legitimate discovery. Although this Court does not question defense counsel's $255 billing rate, the devotion of four hours to CSK's initial simple papers appears a bit excessive. Three hours is more appropriate for sanction purposes. As such, CSK is entitled to a $765 sanction.

## Plaintiffs' Failure To Attend Depositions

CSK seeks to compel plaintiffs' depositions and to recover attorney fees and expenses in connection with plaintiffs' non-appearance at their November 14 and 15, 2005 depositions. F.R.Civ.P.30(a)(1) authorizes depositions, including those of parties, "without leave of court." F.R.Civ.P. 37(d) provides that if a party fails to appear for a properly noticed deposition, "the court in which the action is pending on motion may make such orders in regard to the failure as are just." F.R.Civ.P. 37(d) continues: "The failure to act described in this subdivision may not be excused on the

1  ground that the discovery sought is objectionable unless the party failing to act has a pending motion for
2  a protective order as provided by Rule 26(c)."

3   Two business days prior to plaintiffs' deposition, their counsel sought to reset them based on a
4  supposed November 14, 2005 conflict. Plaintiffs fail to explain the need to reset again the depositions.
5  Similar to their failure to provide initial disclosures and discovery responses, plaintiffs fail to justify non-
6  attendance at their noticed depositions. Although CSK pursues compelling plaintiffs' depositions with
7  its supplemental papers, there are no meaningful notice issues in that plaintiffs' total failure to respond
8  to discovery falls under Local Rule 37-251(e), which provides for expedited briefing and hearing. CSK
9  is entitled to plaintiffs' depositions.

## Sanctions

11  CSK seeks to recover attorney fees and costs in connection with plaintiff's non-appearance at
12  their November 14 and 15, 2005 depositions. A party who fails to appear for a deposition is subject to
13  sanctions even in the absence of a prior order. F.R.Civ.P. 37(d); *Hilao v. Estate of Marcos*, 103 F.3d
14  762, 764-765 (9th Cir. 1996) (unexplained failure to appear at deposition in contempt proceeding
15  justified sanction deeming allegations to be established); *Henry v. Gill Industries, Inc.,* 983 F.2d 943,
16  947 (9th Cir. 1993).

17  F.R.Civ.P. 37(d) also authorizes monetary sanctions: "In lieu of any order or in addition thereto,
18  the court shall require the party failing to act or the attorney advising that party or both to pay the
19  reasonable expenses, including attorney's fees, caused by the failure unless the court finds that failure
20  was substantially justified or that other circumstances make an award of expenses unjust."

21  CSK is entitled to recover reasonable legal expenses to secure an order to compel plaintiffs'
22  depositions. CSK fails to justify shifting to plaintiffs its attorney fees to prepare for plaintiffs'
23  depositions given that CSK would have incurred such fees had the depositions proceeded. Although
24  CSK reasonably engaged a court reporter to take plaintiffs' non-appearances and appeared on November
25  14 and 15, 2005, a question arises why CSK engaged a videographer due to the presumption that the
26  depositions would not proceed. CSK fails to substantiate recovery of videographer costs. In sum, CSK
27  is entitled to recover its reasonable legal expenses to pursue an order to compel plaintiffs' depositions
28  and to secure certificates of plaintiffs' non-appearance at their November 14 and 15, 2005 depositions,

7

including court reporter expenses.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. ORDERS plaintiffs, no later than December 12, 2005, to:

    a. SERVE complete F.R.Civ.P. 26(a)(1) initial disclosures;

    b. SERVE complete, straightforward answers, without objections, to CSK's interrogatories and document requests;

    c. PRODUCE all documents and other things responsive and subject to CSK's document requests; and

    d. PAY to CSK a $765 sanction for failure to provide initial disclosures, discovery responses and document production.

2. ORDERS plaintiffs, no later than December 30, 2005, to appear at their depositions on consecutive days set by CSK or on later dates otherwise acceptable to defense counsel.

3. ORDERS CSK, no later than December 6, 2005, to submit its counsel's declaration and supporting documentation to itemize its reasonable legal expenses to pursue an order to compel plaintiffs' depositions and to secure certificates of plaintiffs' non-appearance at their November 14 and 15, 2005 depositions, including court reporter expenses. After receipt of such information, this Court will determine whether to impose further sanctions on plaintiffs and/or their counsel.

4. ADMONISHES plaintiffs that this Court will entertain dismissal of plaintiffs' claims for failure to comply with these orders.

5. VACATES the December 2, 2005 hearing on CSK's motions to compel and the December 5, 2005 settlement conference (before United States Magistrate Judge Dennis L. Beck).

IT IS SO ORDERED.

**Dated:   November 28, 2005**            /s/ Lawrence J. O'Neill
66h44d                                    UNITED STATES MAGISTRATE JUDGE