IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PEREZ, et al., | CASE NO. CV-F-05-0383 LJO |
| Plaintiffs, | **ORDER ON DEFENDANT'S MOTION FOR TERMINATING DISCOVERY SANCTION** (Doc. 22.) |
| vs. | |
| CSK AUTO, et al., | |
| Defendant. | |

## **INTRODUCTION**[1]

In this employment discrimination and related action, defendant CSK Auto ("CSK") seeks a terminating discovery sanction for plaintiffs Martin Perez and Bobby Alba's (collectively "plaintiffs'") disobedience of this Court's discovery orders. CSK further seeks to impose on plaintiffs an unspecified monetary sanction to recover its legal expenses to pursue this sanction motion. This Court considered CSK's sanctions motion on the record and without oral argument or the January 20, 2006 hearing. *See* Local Rule 78-230(h). For the reasons discussed below, this Court GRANTS CSK's discovery sanction motion to dismiss this action with prejudice for plaintiffs' failure to comply with this Court's order to appear for their depositions.

---

[1] Pursuant to 28 U.S.C. § 636(c) and F.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and by an August 8, 2004 order, this action was assigned to United States Magistrate Judge Lawrence J. O'Neill for all further proceedings.

1

# BACKGROUND

## Plaintiffs' Claims

On February 22, 2005, plaintiffs filed their combined complaint in Tulare County Superior Court to allege causes of action for: (1) racial discrimination in violation of California Government Code section 12940; (2) retaliation in violation of California Government Code section 12940; (3) violation of public policy of federal and California law prohibiting discrimination and retaliation in employment; (4) intentional infliction of emotional distress; and (5) violation of California Business and Professions Code sections 17200, et seq.  In short, plaintiffs allege CSK discriminated against plaintiffs based on their Mexican descent and retaliated against plaintiffs for complaining about discrimination.  CSK removed plaintiffs' action to this Court on March 22, 2005.

## Underlying Discovery Orders

On November 4 and 18, 2005, CSK filed its papers to compel plaintiffs' F.R.Civ.P. 26(a)(1) initial disclosures, answers to interrogatories and document requests, document production, and attendance at depositions.  This Court issued its November 28, 2005 order ("November 28 order") to require plaintiffs, no later than December 12, 2005, to: (1) serve "complete F.R.Civ.P. 26(a)(1) initial disclosures" and "complete, straightforward answers, without objections, to CSK's interrogatories and document requests"; (2) produce "all documents and other things responsive and subject to CSK's document requests"; and (3) to pay a $765 sanction.  The November 28 order further required plaintiffs, no later than December 30, 2005, "to appear at their depositions on consecutive days set by CSK or on later dates otherwise acceptable to defense counsel."  The November 28 order admonished plaintiffs that "**this Court will entertain dismissal of plaintiffs' claims for failure to comply with these orders**."  (Bold added.)

This Court's December 5, 2005 order ("December 5 order") imposed an additional $543 sanction against plaintiffs in connection with their failure to attend November 14 and 15, 2005 depositions set by CSK.

## Plaintiffs' Disobedience Of The Discovery Orders

Defense counsel faxed a December 2, 2005 letter to ask plaintiffs' counsel to advise of availability of plaintiffs' depositions on December 19-23, 2005 and December 27-30, 2005, assuming

1  plaintiffs comply with the November 28 order regarding initial disclosures, discovery responses and
2  document production.  After receiving no response from plaintiff's counsel, defense counsel faxed a
3  December 14, 2005 letter to ask plaintiffs' counsel to advise of availability of plaintiffs' depositions on
4  December 21-23, 2005 and December 27-30, 2005.

5      According to defense counsel, a paralegal for plaintiffs' counsel advised defense counsel on
6  December 21, 2005 that plaintiff's counsel had no openings for plaintiffs' depositions and that February
7  2006 was his first available date.  The paralegal advised that plaintiffs' counsel "was unavailable to
8  confer."  Defense counsel notes that plaintiffs' counsel neither has attempted to communicate nor
9  communicated with defense counsel about scheduling the depositions.  CSK points out that plaintiffs
10 have failed to pay the $1,308 sanctions.

11     Plaintiffs served December 12, 2005 responses to CSK's interrogatories and document requests.
12 The responses initially indicate that plaintiffs will not produce matters subject to the attorney-client
13 privilege, attorney work product doctrine, and settlement privilege.  CSK claims, without specification,
14 that many responses "are deficient."  CSK indicates it will delay to meet and confer as to the responses
15 pending the outcome of this terminating sanction motion.

16                         **CSK's Terminating Sanction Motion**

17     On December 30, 2005, CSK served by e-mail and U.S. mail its terminating sanction motion
18 papers and set a January 20, 2006 hearing.  CSK argues that "significant good cause exists for the Court
19 to dismiss Plaintiffs' claims and their entire Complaint with prejudice for their complete and total
20 disregard of the discovery process."  CSK further argues that plaintiffs "have defied their statutory
21 obligations regarding discovery" and "extend their defiance to this Court's Orders."

22     Plaintiffs assert that they complied with the November 28 order by serving initial disclosures and
23 interrogatory responses.  Plaintiffs vaguely refer to their document production "although excessive and
24 burdensome."  As to plaintiffs' depositions, plaintiffs' counsel points to his November 10, 2005 letter
25 to request to defense counsel to continue the then set November 14 and 15, 2005 depositions of plaintiffs
26 and to note his son's "important medical examination" on November 14, 2005and counsel's availability
27 on December 1, 13 and 15, 2005 and January 16, 18 and 19, 2006.  Plaintiffs contend that "defense
28 counsel is by virtue of a whim, trying to get her way, instead of mutually agreeing to dates and providing

                                              3

plaintiff[s] leeway in light of a family emergency or other force majeure." Plaintiffs argue that CSK, by setting a January 20, 2006 hearing, "severely prejudiced and hindered the ability of plaintiffs['] counsel to prepare a defense." Plaintiffs assert this Court may "award attorneys fees to plaintiff[s] due to this whim by defendant to try and get everything their (sic) way."

In its reply papers, CSK notes that plaintiffs present arguments and issues which this Court addressed and adjudicated with its November 28 order. CSK points out that plaintiffs ignored defense counsel's attempts to set plaintiffs' depositions pursuant to the November 28 order. CSK characterizes plaintiffs' comments toward defense counsel as camouflage for plaintiffs' lack of legitimate opposition to CSK's sanction motion.

## **DISCUSSION**

### **Discovery Sanctions**

Under F.R.Civ.P. 37(b)(2), if a party "fails to obey an order to provide or permit discovery" a court "may make such orders in regard to the failure as are just," including to:

1. Designate facts as established;
2. Refuse to allow the disobedient party to support or oppose designated claims;
3. Prohibit the disobedient party from introducing designated matters in evidence;
4. Strike out pleadings or parts thereof;
5. Stay further proceedings until an order is obeyed;
6. Dismiss an action, proceeding or any part thereof; or
7. Render judgment by default against the disobedient party.

F.R.Civ.P. 37 authorizes a district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778 (1976); *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *United States v. Sumitomo Marine & Fire Insurance Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980).

Although the central factor to a F.R.Civ.P. 37(b)(2) sanction is "justice," *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied*, 526 U.S. 1064, 119 S.Ct. 1455 (1999), the sanction "must be specifically related to the particular 'claim' which was at issue in

the order to provide discovery." *Insurance Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099 (1982). The Ninth Circuit Court of Appeals has explained the need for F.R.Civ.P. 37(b)(2) sanctions:

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

*G-K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

"Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance." *G-K Properties*, 577 F.2d at 647. "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (quoting *Fjelstad*, 762 F.2d at 1341.) A single willful violation may suffice depending on the circumstances. *Valley Engineers*, 158 F.3d at 1056.

In *National Hockey League*, 427 U.S. at 643, 96 S.Ct. 2778, the United States Supreme Court explained the rationale for severe F.R.Civ.P. 37(b)(2) sanctions:

> . . . as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent.

Nonetheless, sanctions which interfere with "a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Wyle*, 709 F.2d at 591.

Dismissal and default judgment are authorized only in "extreme circumstances." *See Fjelstad*, 762 F.2d at 1338. "So, too, are orders taking the plaintiff's allegations as established and awarding judgment to the plaintiff on that basis." *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603

(9th Cir. 1988). Terminating sanctions are appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995). To determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Valley Engineers*, 158 F.3d at 1057; *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *Henry,* 983 F.2d at 948; *Kahaluu Constr.*, 857 F.2d at 603; *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).

"What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Valley Engineers,* 158 F.3d at 1057 (quoting *Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)). Prejudice arises when the ability to go to trial of the party seeking F.R.Civ.P. 37(b)(2) sanctions is impaired. *Adriana International*, 913 F.2d at 1412. "Failure to produce documents as ordered, however, is considered sufficient prejudice. . . . [C]ontinuing refusal to comply with court-ordered production of documents constitutes interference with the rightful decision of the case." *Adriana International*, 913 F.2d at 1412. However, delay alone does not warrant a terminating sanction. *See Kahaluu Constr.*, 857 F.2d at 604; *Mir v. Fosburg*, 706 F.2d 916, 919, n. 2 (9th Cir. 1983).

A three-part analysis determines whether a court "properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" *Adriana International*, 913 F.2d at 1412-1413. "But despite all this elaboration of factors, we have said that it is not always necessary for the court to impose less serious

sanctions first, or to give any explicit warning." *Valley Engineers*, 158 F.3d at 1057.

With these standards in mind, this Court turns to CSK's requested dismissal based on plaintiffs' disobedience of the November 28 order.

The import of CSK's dismissal request is that plaintiffs have failed to comply with the November 28 order "to appear at their depositions on consecutive days set by CSK or on later dates otherwise acceptable to defense counsel." With her December 2 and 14, 2005 letters, defense counsel sought to arrange plaintiffs' depositions on consecutive days prior to December 30, 2005. Plaintiffs' counsel delayed to respond until December 21, 2005 when a paralegal indicated plaintiffs' counsel was not available until February 2006 despite the November 28 order's directive that plaintiffs appear no later than December 30, 2005 or a later date at the option of defense counsel, not plaintiffs.

The record reveals that plaintiffs and their counsel have not taken seriously the depositions and November 28 order as to them and have disobeyed the November 28 order as to the depositions.[2] Plaintiffs and their counsel continue to disobey discovery rules regarding depositions and the November 28 order to enforce such rules. The end result is plaintiffs' halting of the discovery process and blatant disregard of this Court's authority to prevent CSK to defend plaintiffs' claims. Plaintiffs and their counsel make no attempt to even hint that depositions prior to December 30, 2005 were beyond their control. Plaintiffs' counsel merely refers to November 2005 matters which may have addressed plaintiffs' failure to attend their November 14 and 15, 2005 depositions, not December 2005 depositions as ordered by this Court. Plaintiffs fail to substantiate their continuing delay and obstruction to CSK's legitimate discovery.

This Court is particularly troubled by plaintiffs' suggestions that defense counsel has been heavy handed and that plaintiffs have neither played discovery games nor acted in bad faith. The record demonstrates otherwise. Plaintiffs' counsel has delayed and obstructed plaintiffs' depositions.

The public policy factors enumerated above justify dismissal. The actions of plaintiffs and their counsel continue to plague this Court and resolution of this action on the merits with unjustified delay.

---

[2] This Court does not address specifically plaintiffs' purported failure to provide satisfactory initial disclosures, responses to interrogatories and document requests, and document production in that CSK appears to reserve such issue. Nonetheless, this Court is aware of CSK's dissatisfaction with plaintiffs' discovery responses.

1  The obstruction of plaintiffs and their counsel has diverted this Court's attention from other matters and
2  thwarted docket management. CSK's prejudice continues with its inability to conduct discovery to seek
3  resolution by dispositive motion or otherwise. Plaintiffs and their counsel ignored the November 28
4  order's specific admonishment that "this Court will entertain dismissal of plaintiffs' claims for failure
5  to comply with these orders." Such admonishment mitigates the policy of disposition of cases on their
6  merits. As to less drastic sanctions, this Court imposed them, but plaintiffs and their counsel ignored
7  them, especially given failure to pay the monetary sanctions and to obey the November 28 and December
8  5 orders. Given the willful bad faith of plaintiffs and their counsel, lesser sanctions would serve only to
9  champion the game playing of plaintiffs and their counsel to result in further delay and prejudice to CSK.

### Timing Of Hearing

To further demonstrate their blatant ignorance this Court's rules and process, plaintiffs assert CSK set the January 20, 2006 hearing without sufficient notice. As clearly noted in its papers, CSK proceeds under this Court's Local Rule 78-251(e), which provides for 17 days notice by mail or electronic means of a hearing on a motion "(1) when there has been a complete and total failure to respond to a discovery request or order, and (2) when the only relief sought by the motion is the imposition of sanctions." CSK served its papers on December 30, 2005 to provide sufficient notice for a January 20, 2006 hearing on its requested sanction.

### Monetary Sanction

CSK seeks to impose on plaintiffs an unspecified sanction for CSK's legal expenses to pursue this discovery sanction motion. In lieu of F.R.Civ.P. 37(b)(2)(A) – (E) orders or in addition thereto, "the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." F.R.Civ.P. 37(b)(2). F.R.Civ.P. 37(b)(2) "must be distinguished from Rule 37(a) which provides for the award of expenses resulting from efforts to secure an order compelling discovery." *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981). Thus, "attorney-time before and during" a hearing in which a court order is imposed is "not attorney-time incurred on account of failure to obey an order." *Liew*, 640 F.2d at 1051; *see also Wm. T. Thompson Co. v. General Nutrition Corp.*, 104 F.R.D. 119, 122-122, n. 1 (C.D.

Cal. 1985).

Although plaintiffs and their counsel have failed to justify, substantially or otherwise, their failure to comply with the November 28 order to appear for plaintiffs' depositions, CSK has not provided sufficient information for a further monetary sanction and does not specify what it seeks. As such, this Court is not in a position to calculate a further monetary sanction and DENIES CSK a further monetary sanction.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS CSK's discovery sanction motion to dismiss this action with prejudice for plaintiffs' failure to comply with the November 28 order to appear for their depositions; and

2. DIRECTS this Court's clerk to enter judgment in favor of defendant CSK Auto and against plaintiffs Martin Perez and Bobby Alba.

IT IS SO ORDERED.

**Dated:   January 17, 2006**              /s/ Lawrence J. O'Neill
66h44d                                              UNITED STATES MAGISTRATE JUDGE